UNITED STATES BANKURPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> § CASE NO. 94-408-23-S <br> UNITED STATES BRASS § <br> CORPORATION, § <br> § <br> DEBTOR, § | |

## AFFIDAVIT OF TIMOTHY J. TAYLOR

Timothy J. Taylor, being duly sworn according to law, deposes and says as follows:

1. My name is Timothy J. Taylor. I am over the age of twenty-one years and am competent to make this affidavit. I have personal knowledge of the facts set forth in this affidavit and all of the facts recited herein are true and correct.

2. I am the General Manager of the Consumer Plumbing Recovery Center ("CPRC"), which is claims administrator for the Brass Trust.

3. A published notice relating to the Brass Plan had been issued in the fall of 1997 by Rust Consulting.

4. After confirmation, the Notice of Entry along with a Plumbing Claim "Claims Verification Form" ("CVF") was mailed out to 35,077 claimants on June 17, 1998, by the Brass Trust claims administrator. Subsequent CVFs were sent out through 2002. By December 31, 2002, there were 35,499 net recipients of CVFs. Some 5,740 filled-out CVFs were received back from claimants between 1998 and July 2004.

5.   Pursuant to the procedures set forth in the Brass Plan and ADR, after the CVF forms were received, a Confirmation of Loss form ("COL") was mailed on November 1, 1998, to 3,426 claimants who would not fall under the proposed Administrative Convenience Class (as defined below) and 1,557 filled-out COLs were returned to the Trust through June 2001. All of these claims have long since been adjudicated or barred under the terms of the Brass Plan and ADR.

6.   At the September 1998 Brass Trustees meeting, it was proposed and adopted that an Administrative Convenience Class of claimants be established consisting of all known claimants timely filing a CVF who have positively responded that such claimant has suffered a leak in a U.S. Brass/Qest component of the polybutylene system in its property.

7.   At the same Brass Trustees meeting, it was further resolved that each member of the Administrative Convenience Class be offered, in full and complete settlement of all claims against the Debtor, $250.00, provided that any member of the Administrative Convenience Class whose total claims for damages resulting from qualifying leaks was less than $250.00 shall be offered an amount equal to 100% of such claim but in no event less than $100.00. All Administrative Convenience Class claims have long since either been adjudicated or barred under the terms of the Brass Plan and the ADR.

8.   Only two claims have been received by the Trust since 2004. Both claims have been denied. One was determined to be a Cox Class claim, and referred to the Cox Class settlement trust under the terms of the Brass Plan, and the other was

determined to be invalid because, among other things it was time-barred under a ten-year limitation set forth in the ADR.

9. There is no reasonable expectation that any valid claims exist at this point in time and no reason to keep the Trust open and incurring administrative costs.

Timothy J. Taylor

SUBSCRIBED AND SWORN TO BEFORE ME, a notary public, on June 30, 2010, in Dallas, Texas.



Notary Public for the State of Texas

PATTI O'CONNOR
My Commission Expires
July 24, 2012