# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| UNITED STATES | § | Case No. 94-40823-R |
| BRASS CORPORATION, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

## ORDER GRANTING
## BRASS TRUST'S MOTION TO REOPEN CASE FOR LIMITED RELIEF

CAME ON FOR CONSIDERATION, the Brass Trust's Motion to Reopen Case for Limited Relief (the "Motion"), asking this Court to reopen the Chapter 11 bankruptcy case of United States Brass Corporation ("U.S. Brass")[1] for the limited purpose of (a) setting a bar date for the filing of Plumbing Claims against the Brass Trust and (b) approving the proposed notice of bar date, and the Court, having considered the Motion, the papers filed in connection with the Motion, the arguments of counsel and the file in this matter, is of the opinion that the Motion should be granted, and it is therefore **ORDERED:**

1. Pursuant to 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 5010, United States Brass Corporation's Chapter 11 case, Case No. 94-40823-R, is reopened for the purpose of setting a bar date for the filing of Plumbing Claims against the Brass Trust, approving the proposed notice of the bar date, adjudicating any claims against or relating to the Brass Trust, and upon further application by the Trust, winding down the affairs of the Trust, if appropriate.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

2. August 30, 2010, at 5:00 p.m. Central Time (the "Bar Date") is the last day for filing and service of proofs of claim for a Plumbing Claim against the Brass Trust.

3. Pursuant to Bankruptcy Rule 3003(c)(3), any person or entity that fails to file a proof of claim with the Brass Trust pursuant to the Bankruptcy Code, the Bankruptcy Rules, the U.S. Brass Plan of Reorganization, or this Order with respect to a Plumbing Claim, by the Bar Date, shall be forever barred, estopped and enjoined from asserting such claim against the Brass Trust, the Trustees or their successors or assigns.

4. The Publication Notice, substantially in the form attached hereto as **Exhibit A** is hereby approved.

5. On or before July 30, 2010, the Brass Trust shall publish the Publication Notice on one occasion in the *USA Today*.

6. This Court shall retain jurisdiction to interpret, enforce and implement the terms and provisions of this Order and to resolve any disputes arising hereunder.

Signed this _____ day of July 2010.

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| UNITED STATES BRASS CORPORATION, ) | |
| ) | Case No. 94-40823S |
| Debtor. ) | |

# NOTICE OF THE LAST DATE FOR FILING
## PROOFS OF CLAIM FOR PLUMBING CLAIMS

---

DEADLINE FOR FILING PROOFS OF CLAIM:     5:00 p.m. Central Time
                                         **August 30, 2010**

---

**TO ALL PERSONS ASSERTING A PLUMBING CLAIM AGAINST THE ABOVE CAPTIONED DEBTOR:**

United States Brass Corporation, the above-captioned debtor ("U.S. Brass" or the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), on May 23, 1994 (the "Petition Date").

US Brass marketed its products under the "Valley," "Eastman" and "Qest" trademarks.

By order dated February 24, 1998 (the "Confirmation Order"), this Court confirmed the Fourth Amended Plan of Reorganization proposed by the Debtor, Eljer Industries, Inc., ("EII") and Eljer Manufacturing, Inc., ("EMI"), as modified, dated January 13, 1998 (the "Brass Plan"). On March 19, 1998, the Brass Plan became effective.

The Brass Plan created the Brass Trust, which assumed control over certain funds and assets of U.S. Brass for the purpose of resolving polybutylene-related "Plumbing Claims" against U.S. Brass. Section 1.1 (kkkk) of the Brass Plan defines "Plumbing Claim" as "any claim, debt, right to payment, obligation or liability (under any theory of common or statutory law or equity) against the Debtor, EMI and EII and any of their respective Affiliates, whether or not in existence, known, or arising prior to or after the Effective Date, and whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secure, or unsecured . . ."

**Fixing Date for Filing Proofs of Claim**

Each creditor holding a Plumbing Claim against U.S. Brass as defined in the Plan, including without limitation each individual, partnership, corporation, estate, trust, governmental unit, surety, and guarantor, whose claim against U.S. Brass arose or is deemed to have arisen from acts or omissions occurring before the Effective Date, must deliver to the Brass Trust a "timely" written Proof of Claim that substantially conforms to the Official Form No. 10. To be "timely", a proof of claim MUST BE RECEIVED by the Brass Trust no later than 5:00 P.M. Central Time on or before **August 30, 2010** (THE "BAR DATE") at the following address: **The Brass Trust, P.O. Box 869066, Plano, Texas 75086-9066**

A PROOF OF CLAIM SENT BEFORE THE BAR DATE, BY MAIL OR OTHERWISE, TO THE BRASS TRUST WILL NOT BE TIMELY UNLESS SUCH PROOF OF CLAIM IS ACTUALLY RECEIVED BY THE BRASS TRUST ON OR BEFORE THE BAR DATE AS SET FORTH ABOVE.

**Consequences of Failing Timely To File Proof of Claim**

ANY CREDITOR THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THE FORM AND MANNER SPECIFIED BY THIS NOTICE AND WHO FAILS TO DO SO ON OR BEFORE THE BAR DATE SHALL BE FOREVER BARRED FROM (A) ASSERTING ITS CLAIMS AGAINST THE BRASS TRUST, ITS TRUSTEES, OR THEIR SUCCESSORS OR ASSIGNS, OR (B) SHARING IN ANY DISTRIBUTION. IF YOU ARE UNCERTAIN AS TO WHETHER OR NOT YOU SHOULD FILE A CLAIM, YOU SHOULD FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE TO PRESERVE YOUR RIGHTS.

To be properly filed, each proof of claim must (i) be written in English, (ii) describe the transaction or agreement giving rise or relating to the claim, (iii) set forth the amount of the claim in lawful currency of the United States as of the Petition Date, (iv) set forth the names of any guarantor that has guaranteed the claim, (v) describe any collateral and its estimated value, if applicable, granted to the creditor in respect of the claim, (vi) include copies of any invoices, statements, or other documents evidencing the amount and/or basis of the claim (if voluminous, attach a summary), (vii) be signed by the creditor or other person authorized to file the proof of claim, and (viii) conform substantially with Official Form No. 10. Every creditor who files a timely proof of claim will then be subject to the treatment of Plumbing Claims set for in the Brass Plan and the Alternative Dispute Resolution procedures adopted as part of the Brass Plan.

Official Form No. 10 proof of claim forms are available in the clerk's office of any bankruptcy court, or can be obtained from Brass Trust's counsel. In the event that you have questions concerning Plumbing Claims, the Brass Trust, or the matters set forth herein, you may write to **Mr. Tim Taylor, The Brass Trust, P.O. Box 869066, Plano, Texas 75086-9066.**